Home stairway defects are a big problem in the United States. In fact, one of the papers that is attached to Jake Paul's affidavit indicates that's a one million dollar per hour problem in America. And for that reason, I thank you for letting me argue this case before you. Now, in the complaint, I allege that the stairway was defective in a few ways. First, that the treads were essentially too short. Second, there's no handrail anywhere for the stairway user to try to guide her descent or arrest a fall that's begun. And I also allege simply that this stairway is non-conforming in any way to any known code. And for that reason, it's unreasonably dangerous. Plaintiff doesn't know why she fell, and that's her testimony, and that's frankly why we're here today. Jake Paul's an expert in stairway use, but really in people movement, who has many decades of experience, which has never been challenged in this case. His affidavit has never been struck in, prepared to testify, and has a lengthy affidavit on the issue as to why Lindsay Burton fell. It's frankly subject to scientific study, as he outlines in his affidavit. He and others have studied it. If you were to read one of those articles closely, you would see a couple examples where a staircase was noticed where there was a defect, and essentially 1 in 20 or 1 in 50 users on these two different stairways were having a misstep. And a misstep is different than a fall. That's a precursor. He's very specific in his language. But a misstep, once that stairway was changed, within hours, the missteps either disappeared or down in orders of magnitude to 1 in 1,000 or less. And so I have two arguments with respect to why this summary judgment was inappropriately granted. First, that the handrail alone should have permitted this case to move forward. And second, that Jake Paul's affidavit certainly establishes proximate cause, and it was not speculation or conjecture, and that the Strutz case, which was so central to Judge Power's ruling, is inapplicable. First, let me talk about the handrail. There's no dispute that there's no handrail in this stairway, and there's no dispute that the plaintiff tumbled down that stairway. And there's no dispute that, frankly, every code in America almost forever has required a handrail. So why was summary judgment given in a case where there is no handrail? I mean, handrails are used to guide one down and to stop a fall or to arrest a fall if it's already begun. And plaintiff fell here. So are we to give the benefit of the doubt to the defendant in a summary judgment context where there is no handrail, that plaintiff either wouldn't have used it, couldn't have used it, or it wouldn't have stopped her fall? It seemed to me that in reading the briefs, you're treating this almost akin to a Res Epsa case, Res Epsa Locator, that because you're saying because there was a missing certain component, then the burden would shift to the other side to show that there was a negligence. Well, if I have tried, if I presented it that way, it's not what I believe. I believe that a jury could have disregarded Jake Paul's testimony or could have said, well, factually, we don't think she would have used the handrail or that it would have been sufficient to stop this fall or for some reason. And I think that's within a jury's prerogative. I think I could lose this case at trial. But I don't think it's summary judgment under the facts that we have here. It should have been taken away from a jury's consideration. Really, indeed, on that handrail issue alone, because don't we give the benefit of the doubt to the defendant by saying that, well, she wasn't going to use the handrail, even if it were there? I mean, you get this circuitous argument that you only get to resolve by saying, well, it's speculation that she would have used a handrail. Well, since every staircase has one, why wouldn't this plaintiff have used a handrail had it been provided her to safely descent or to safely arrest her fall? Would that be an element of proximate cause? It is, most certainly. And that's for a jury. But in this case, there was no handrail, so no handrail was used, correct? She didn't have the opportunity, correct. You know, may I reserve five minutes of my argument? I forgot to request that at the beginning. You'll have five minutes for rebuttal under any circumstances. So does someone get the benefit of the doubt for that, frankly, negligent act that she wasn't going to use it or it wasn't going to help? No. How would you legally categorize the benefit of the doubt? Well, the only way to, I mean... That's the reason I think it sounds like there was absolute locature. Well, in this case, I think it comes down to proximate cause. I mean, Judge Powers did not believe that that element was satisfied. And as pointed out by both sides, that's generally a question of fact for the jury to decide. Here, it comes down, Judge Powers said, well, it's speculation and conjecture on the issue of proximate cause because plaintiff doesn't know why she fell. So we have to throw out that, and you don't need an expert for this, that handrails are in place to help people downstairs and to stop a call once they've begun. And so that's why I get to the point myself where I say, since that is a commonplace occurrence to have a handrail and this one doesn't, why do we say that it's speculation that plaintiff would not have used that or that that wouldn't have helped, which is essentially what Judge Powers must have reasoned to get to that conclusion. And I call it the benefit of the doubt that she's not going to use it. But the speculation is that she wouldn't use it. I don't know why the plaintiff would be subject to that standard here. Mr. Parris, part of your problem is that you have the burden of proof. Understood. And that you have to present some evidence that the absence of the handrail would have stopped her fall. What evidence do you have to show that? Well, I can't say, and that's perhaps the fault of the plaintiff and the lawyers. I'll take my responsibility if that question wasn't specifically asked. Would you have used the handrail? Which, let's face it, even the answer to that question, I don't know whether I would have used the handrail because it wasn't there. And would that have really saved the day if someone would have said, would you have used the handrail if it was there? And she said, oh, yes, half of the time when I descend the stairs, I use the handrail. Well, maybe this was the other half and you wouldn't have used it and therefore you lose. Again, you don't need an expert, I don't think, to talk about handrails since we all use them and we've all used them for most of our lives since we've been able to walk and particularly walk down stairs. So isn't that enough for the jury to consider when proximate cause is generally a question for the jury to decide whether or not this plaintiff was going to use it and whether that would have saved her from falling and being injured? I think it is. Your client testified that she didn't have any idea why she fell. That's right, that's right. So she didn't present anything to even suggest that the handrail would have made a difference. There's where I would disagree because I have a lengthy affidavit from Jake Pauls, a man who studied extensively safe people movement for literally decades in many settings, has presented and testified around the world and has published beyond anyone that I know of on this subject, who says it is subject to scientific study and I and others have studied this issue and given what I can see on this staircase, I know why she fell. And I want to take this for a moment out of the stair context and look at other areas where injured plaintiffs aren't able to testify as to why they were injured. A roadway case, for instance. Do we not frequently have an expert or a plaintiff who's been injured, who's either dead, knocked unconscious, or simply doesn't know why they were injured? Do we not frequently have an expert who comes in and says, I've examined the vehicle, there's a defect in the steering, that's why this plaintiff crashed. I've examined the tire, that's why she crashed. Do we not often have roadway experts who look at the manual for uniform traffic and safety design, which is very similar to building codes, if you will, and say this roadway is dangerous for X, Y, and Z reasons. It's too slick, it's too curved, it's not banked, there's a construction zone. Frequently. Even though the plaintiff, him or herself, may be dead, unconscious, or for whatever reason unable to testify why they slid off or went off the roadway. Conversely, don't we have the same testimony from defense experts frequently enough? I know why the plaintiff went off the roadway or got on the stairs, because she had a blood alcohol level of .23 and her was impaired. And we let them testify because it's scientific study and it aids the jury and it gets to the issue of proximate cause. I think all of those are akin to what has happened here, and I think if you look at that in that context and then look at the Strutz case, which Judge Powers relied so heavily on, you can understand why the Strutz case is an example of that bad facts make bad law. The Strutz plaintiff is an older gentleman who's insensate in his feet because he has diabetes, walking backwards down a staircase and gets injured. He brings in an expert and says, here's a laundry list of defects to this stairway, and that's why he fell, because the dangerous condition of the stairs. Well, frankly, stairs aren't meant to walk backwards down, and using some code defect to say that is why he fell would probably be the same as going back to that laundry list of experts. If someone were driving backwards down a roadway or driving the wrong way down a roadway, which was designed for north travel through this embankment, and instead they're driving south completely the wrong way on the thing, we wouldn't listen to that expert. We would know that that testimony really has nothing to do with what caused the plaintiff's fall. And I submit to you that the Strutz case, which was relied so heavily on by Judge Powers, should be looked at in the same light here. There you had an older gentleman who couldn't feel his feet walking backwards down the stairs. Here we have a young lady who is using a stairway like it's designed to be used, and how people use a stairway, except for the fact that it doesn't have a handrail and it doesn't have any geometric fashion that a stair should have, and she falls. And that's subject to scientific study and analysis and critique by some other expert, frankly, or a jury who would say, well, no, we don't believe that. We just think she's clumsy, or we think the glass of wine that she had two hours earlier was responsible for her fall, or she was absent-minded, or whatever. I think a jury is capable of making that decision, and I would have to live with it. But I don't think if it's someone's judgment context, it's appropriate to say in this case that we don't have evidence on proximate cause. We have what people normally do in these situations, and we have a very well-qualified expert who's never been challenged in this case, never been challenged, who says, I and others have studied at great length missteps and falls. And going to that example that I started out with earlier about how you can have a bad set of stairs and have one out of 20 people making missteps, not falling, but misstepping down the thing in some fashion, and then go correct it and have that camera watch less than one in 1,000 people now make that error. That's two minutes. Thank you. And so the fact that this plaintiff doesn't know the exact reason why she fell, frankly, doesn't surprise me to the slightest bit. I've encountered it many times in my practice, and it certainly doesn't surprise Jake Pauls, who says right in his affidavit that that doesn't surprise me. In fact, most of the time, someone who falls down a stair will say, it happened at this spot, or my foot shot out from me, or there's some description which may not make any sense whatsoever. And so why let that be the sole reason why a case goes forward, an injured plaintiff who may not really fully comprehend or know at all why it is that he or she were injured? Why do we not let an expert who can testify to this? And I submit to you that we do in many, many, many other areas of the law. And the fact that I have chosen to use Jake Pauls here rather than just let this case go away, it should not be any different than any of the other many cases where we use experts to explain why. Basically, the essence of the expert's presentation of why he thought there was Yes. And he basically said it's possible that any one of those defects, or that frequently any one of those defects can be an approximate cause for an injury, or are frequently identified as the approximate cause for injury, right? He does, but I don't believe he says possible. I think he uses very specifically the word approximate cause, and this is not a man who throws around terms. No, he says they're frequently identified as the approximate cause for the fall. I think that's his language, right? Frequently identified. He does, and then he ties approximate cause specifically to this incident and that description which Lindsay Burton can give us, as well as the pictures of the stairways that he's had an opportunity to look at. And how is that different from possible? Possibility? Because approximate, how is it different that he says it's possible that that was the approximate cause? Well, first, as I point out, I believe in my reply brief, possible is admissible. It's not, you don't need 50% or whatever, but I don't think that that's where he... Well, I'm talking about the number. Could be this, could be that, could be this, could be that. Right, and that, even if you were to believe that Jake Paul's, or even if you were to read his statement as, it's possible that this is one of these defects caused her. Frankly, that's enough on approximate cause standard. But that's not what he says. He says one of these is the approximate cause, one or all of them, frankly. The fact that you've got a misshapen staircase and then without a rail, and you've got a prior fall by this plaintiff and the defendant on that stairway, putting that together, yeah. Thank you. There appears to be approximate cause, a nexus between this fall and this staircase. Thank you. Thank you, Mr. Parris. Mr. Shimer? Mr. Chief Justice, and may it please the Court, my name is Wade Shimer. I'm here on behalf of the appellant that the appellee defended, Mr. Robert Mouw in the case of Barr. This appeal is simply the plaintiff, his attempt to erode the standard of approximate cause. In defense of that standard, I'm asking this Court to affirm the lower court's decision for the following two reasons. First, the plaintiff has failed to present to this Court and to the lower court any affirmative evidence that shows and establishes approximate cause. Secondly, Your Honors, a decision in favor of the plaintiff will destroy the standard of approximate cause and cause harmful effects to other litigants. Your Honors, in the case of Barr- One case would do that. One case would do that. It could. I believe it would, Your Honors. And to your point, essentially how that would happen is that, I mean the expert in this case, the only thing he's came in and done is, he's came in and done and pointed out defects in my client's staircase and then stated not specifically how those defects caused the fall and how those defects caused the injury, but only that those defects were present and they had typically caused falls in the past. I mean, if an expert is allowed, if that's the basis that's required for approximate cause, we're going to see experts in hundreds of other cases, including car accident cases, other stair fall cases, where plaintiffs can't identify why they were hurt. And that plaintiff is going to, that expert is going to show up and just say, simply, well, it was a possibility. These things have happened in the past, so it must be the case in the present. And that's why it could have great harm to other litigants, and essentially it renders the approximate cause standard meaningless. You're saying this is kind of a Pandora's box. Absolutely. Legal theory? Absolutely. And the reason for that is because there is no fact that has ever been presented, either from counsel or his expert, that demonstrates the link between the stairway defect and the actual injury. In fact, if this court looks at the affidavit of Mr. Polk, all you'll see is that he's listed various defects and he said, well, one of those, one or more of those must have been the cause of the fall. But he explains in no way how they were the cause of the fall or how they contributed to the cause of the fall. In fact, he can't even explain whether or not the plaintiff came into contact with any of those defects. As Justice McDade was questioning the counsel about, how do we even know if the handrail could have stopped the fall? And the fact is, we don't, because the plaintiff was unable to testify how she fell, why she fell. She was unable to testify if she fell forward, if she fell backwards. She was unable to testify if she was near the wall when she fell. That's not in the record. So we don't even know if the handrail would have been helpful to her or not. Your Honors, the standard in this case for what is necessary for proximate cause is best seen in the case of Kimbrough v. Jewell, where it was stated that negligence must be shown to be the legal cause of the plaintiff's fall. And this court, in its decision in Majatek v. P.T. Ferrara Construction, went on to say that proximate cause cannot be predicated upon speculation, surmise, or conjecture. And then when this court used the word conjecture, it used that word knowing that the definition of conjecture is a proposition consistent with known data that is neither verified or proven false. And that's exactly what the affidavit of Mr. Pauls has presented. He's presented a proposition that people have fallen because of these defects in the past, based on the data he's reviewed. But he can't tell this court whether it is true or false, whether those defects actually caused the fall in the case so far. That's not enough to meet this court's very standard that was set in the case of P.T. Majatek v. P.T. Ferrara. But I would point this court to a nearly identical case that has been heard in the First District. That case was discussed by counsel and is the case of Struetz v. Vasseer. It contains an almost mirror fact pattern to what that has been presented in the case at bar. In Struetz, the plaintiff nor any other witness could testify as to why he fell down a set of staircases. Further, there was no physical evidence. There was no other testimony to explain why that fall had occurred. The only evidence that was presented in Struetz was just like we have in the case at bar, an affidavit of a similarly qualified expert who identified that there were several defects in the defendant's staircase. And the First District, in finding for the defendant and affirming the motion for summary judgment grant, just like the case at bar, the First District stated that ordinance violations and defects in staircases by themselves do not equal proximate cause. And that proximate cause can only be established where there is reasonable certainty that the defendant's negligence actually caused the fall. And that's what's missing here. There's not been any link that has shown that my client's staircase and the defects in my client's staircase actually caused this fall. In fact, I think in something that Justice Carter was addressing counsel about earlier, this is not a strict liability case. This is a regular negligence case. And the fact that it's not a strict liability case is also seen in the plaintiff's own testimony. She testified that she had been up and down that staircase 100 different times without falling. If this was a strict liability case and those defects were potholes that were guaranteed to cause falls, she would have fallen every single time. She did not. And because of that, there's no proximate cause here because, again, there's no link between the defects of the staircase and the actual fall that occurred. Your Honor, it is not negligent for a defendant to own a staircase that has defects in it. It's only negligent when the defendant can show, or when the plaintiff can show, that one of the defects in the staircase actually caused the fall. And that's what hasn't been done in the case so far. There's not been a single factual piece of evidence to identify what defect, if any, caused this fall. And, Your Honors, one final point that I would like to make regarding other effects that this could have is going forward, if we go forward in a scenario where the plaintiff is simply allowed to provide an expert where he can throw out there and essentially throw into a hat and say, one of these things caused this fall, but not explain why, then my client has suddenly had the burden shifted upon him to figure out which one of those actually caused the fall. Essentially, this would be a burden-shifting proposition in the standard of proof of cause in that if my client is to go forward and defend this case and to truly be able to evaluate how this fall happened, my client is suddenly tasked with determining which, if any, of those defects caused the fall. Using the handrail example that Justice McDade was bringing up earlier, my client then has to determine, in order to defend this case, if the handrail was actually in play here. And because it's unknown, my client is in an untenuous position, and further, the burden of proof has been unfairly and improperly by past precedents shifted onto my client. Well, the opposing counsel was suggesting that the jury could determine and find evidence that it's possible that any one of those things could have caused it. And to address your point, Your Honor, though, I would say that... That is what he suggested. But what has been provided to this court already, as far as the affidavit, there's no evidentiary factual link. So there's no reason this should go to the jury, because, as I stated before, proximate cause must be established with reasonable certainty. And because there are other possibilities here, not just what the expert has provided. The plaintiff not only walked down the stairs of the lights terminal, she also had been up and down those staircases hundreds of times, so there's an argument that this could have... I mean, those defects were not actually causing falls every single time. She could have fallen, as common sense would tell us, people trip over their own feet all of the time. And there's other possibilities. But the very fact that we can't determine which one is more, in his own words, possible than the next, that's not enough. I don't think those were his words. I think those were my words. Okay, excuse me. Those were your words, Your Honor. But if it's not possible, then that's not enough to meet the standard of reasonable certainty for plaintiffs to establish as prima facie a case of proximate cause and move forward on this case. So, in all, Your Honor, the plaintiff has not met his burden in providing his prima facie case of negligence because he's failed to establish a link between the defendant's actual negligence and the injury that occurred. Like I said before, there is no piece of... there's no fact out there, there's no testimony, there's nothing in the expert's affidavit that explains why or how these defects actually caused the fall. The only thing that's thrown out there by this expert is the possibility. The possibility. Well, one or more of these have caused falls in the past, therefore they must have been the cause in the case so far. That's not reasonable certainty, and it's not enough to meet the standard. Your Honors, like I said before, it is not negligent to own a staircase that has defects. It's only negligence when one of those defects actually caused the fall. For these reasons that I've discussed, I'm asking that this Court affirm the decision of the trial court finding that there was no proximate cause, and on that I'll rest. No further questions? All right. Thank you, Mr. Shimer. Mr. Parrish, you have five minutes to rebut. I want to make two points. One, as to the erosion, and secondly, and we'll specifically look at Jake Paul's affidavit. Frankly, I have the same concern about erosion, but the opposite. If we're not going to let this expert testify under these circumstances, how many more experts are we going to throw out and how many other plaintiffs will we leave outside the courtroom? I think we have a very sophisticated system of court law in this state and in this country, and we have checks and balances with respect to experts, and in the final state we have a jury to say, I don't believe that, I believe this instead. And so if we're going to leave this kind of an expert testimony out, there will probably be lots more as well, including lots of other plaintiffs who otherwise would have been entitled to be before a jury. Now, though it may seem counterintuitive, the proposition that I'm bringing forward is, frankly, far more honest than your average plaintiff, and if you look at paragraph 7 of Jake Paul's affidavit, you'll see that. He says, human ambulation on stairs generally is under the control of that portion of the brain, or unfortunately for all of us, that does not send information to that portion of the brain responsible for memory. And he goes on to talk about how one doesn't remember using a staircase, because just like walking down a sidewalk, it's a natural learned thing. And so why the plaintiff, as well as all these other people, don't remember why or how they fell is completely understandable. Now, if you want to toss that out of Jake's affidavit, I don't know why you would, because it hasn't been stricken from the record or been challenged. It's scientific study that has been done long before this case and explains why this plaintiff doesn't know exactly why she fell, because she's no different than lots of other people who we've studied in this. Now, if instead what we have to do is coach plaintiffs into saying, all right, Lindsay, I know a few things about stairs. I've talked on them, I've represented lots of plaintiffs, and I've looked at your staircase, and I'm going to tell you why you fell, and here's the reasons, and this is what I want you to testify to in your deposition. I mean, that's a dishonest way to present a case, but essentially that's what the defendant would want me to do, and I'm not going to do it. I'll support my case by reasoned scientific study, by someone who is going to present reasonable testimony, and if the jury says, no, I don't believe it, I think she was drunk, I think her shoes are too big, I think her socks are too slippery, or whatever reasons they want to come up with, so be it. But I don't think it's the kind of thing that should be left out of the courtroom, and I don't think at a summary judgment standard, when we're talking about proximate cause, an issue for the jury to decide that that's where we should be, and that's where the defendant wants us to go, and when we go there, not only is this case lost, but a lot of accident construction cases, a lot of roadway cases, a lot of products cases, cases where there is some study involved. Like roads. I mean, the manual on uniform traffic and citation design, whatever, it's huge, because there's been engineering concepts that have been incorporated into that for decades, and we know how to make safe roads, and every once in a while we don't. Now the defendant can say, as they often do, oh, a thousand times, a hundred thousand, a million times, this car has driven down the road, and we've produced 10,000 of these vehicles, and none of them have ever failed. The jury can believe that argument if they want. The lack of similar incidents. And the defendant is free to bring that argument, the lack of similar incidents. She went down this stair a hundred times and she never fell before. Mr. Mahl went down it 10,000 times and he never fell, and therefore it must be a safe staircase. That's a question of fact for the jury to decide. It's not a question of fact that the judge can decide. At this level, it's essentially a proximate cause argument, and this case should be in front of the jury based on Jake Paul's affidavit and what he brings forward in explaining why this happened and the defects and the unreasonable nature of this stair. And as I said at the beginning, frankly, the handrail case alone, the handrail aspect of the case alone, which is common sense because it's certainly within the knowledge of any stair user almost on every day occasion if you're going to go up and down a set of stairs. And I think a jury could evaluate that aspect of this case without expert testimony, but certainly it's bolstered by bringing forward an expert to talk about that. Thank you. Thank you, Mr. Harris. Thank you both for your argument today. We will take this matter under advisement. In fact, it was a written disposition within a short day. And now we'll take a short recess for the panel.